IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAINTING INDUSTRY OF HAWAII   ) | Civil No. CV05-00217 |
| HEALTH AND WELFARE FUND, by   ) | JMS-BMK |
| its Trustees, Douglas Yamamoto, John   ) | |
| Wyman, Kenneth Zelinsky, Lynn Kinney, ) | FINDINGS AND |
| Ronald Hayashi, Ross Segawa;   ) | RECOMMENDATION TO |
| PAINTING INDUSTRY OF HAWAII   ) | ENTER DEFAULT |
| TRAINING FUND, by its Trustees,   ) | JUDGMENT AND AWARD |
| Douglas Yamamoto, John Wyman,   ) | DAMAGES AGAINST |
| Kenneth Zelinsky, Lynn Kinney, Ronald   ) | DEFENDANT BJ'S |
| Hayashi, Ross Segawa;  PAINTING   ) | BROTHERS PAINTING, INC. |
| INDUSTRY OF HAWAII ANNUITY   ) | |
| FUND, by its Trustees, Douglas   ) | |
| Yamamoto, John Wyman, Kenneth   ) | |
| Zelinsky, Lynn Kinney, Ronald Hayashi, ) | |
| Ross Segawa; PAINTING INDUSTRY   ) | |
| OF HAWAII LABOR-MANAGEMENT   ) | |
| COOPERATION FUND, by its Trustees, ) | |
| Douglas Yamamoto, John Wyman,   ) | |
| Kenneth Zelinsky, Lynn Kinney, Ronald   ) | |
| Hayashi; PAINTING INDUSTRY OF   ) | |
| HAWAII VACATION FUND, by its   ) | |
| Trustees, Douglas Yamamoto, John   ) | |
| Wyman, Kenneth Zelinsky, Lynn Kinney, ) | |
| Ronald Hayashi, Ross Segawa;   ) | |
| PAINTING INDUSTRY OF HAWAII   ) | |
| RESERVE BENEFIT FUND, by its   ) | |
| Trustees, Douglas Yamamoto, John   ) | |
| Wyman, Kenneth Zelinsky, Lynn Kinney, ) | |
| Ronald Hayashi, Ross Segawa;   ) | |
| PAINTING INDUSTRY OF HAWAII   ) | |
| TRADE PROMOTION AND CHARITY   ) | |
| FUND, by its Trustees, Douglas   ) | |
| Yamamoto, Earl Fujii, Glenn Shiroma,   ) | |
| ) | |

```
            Plaintiffs,              )
                                     )
        vs.                          )
                                     )
BJ'S BROTHERS PAINTING, INC,         )
JOHN DOES 1-10; JANE DOES 1-10;      )
DOE CORPORATIONS 1-10; DOE           )
PARTNERSHIPS 1-10; DOE               )
GOVERNMENTAL AGENCIES 1-10,          )
DOE TRUSTS 1-10,                     )
                                     )
            Defendants.              )
_____ )
```

FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT
AND AWARD DAMAGES AGAINST DEFENDANT BJ'S BROTHERS
PAINTING, INC.

On March 29, 2005, the Plaintiffs PAINTING INDUSTRY OF

HAWAII HEALTH AND WELFARE FUND; PAINTING INDUSTRY OF

HAWAII TRAINING FUND; PAINTING INDUSTRY OF HAWAII ANNUITY

FUND; PAINTING INDUSTRY OF HAWAII LABOR-MANAGEMENT

COOPERATION FUND; PAINTING INDUSTRY OF HAWAII VACATION

FUND; PAINTING INDUSTRY OF HAWAII RESERVE BENEFIT FUND; and

PAINTING INDUSTRY OF HAWAII TRADE PROMOTION AND CHARITY

FUND, collectively known as PAINTING INDUSTRY OF HAWAII TRUST

FUNDS ("Trust Funds") filed this action for specific performance, assumpsit and

damages against Defendant BJ'S BROTHERS PAINTING, INC (hereinafter

2

"BJ's Brothers"), alleging that Defendant materially breached the "Labor

Agreement & Related Documents By and Between Painting and Decorating

Contractors Association of Hawaii and International Brotherhood of Painters and

Allied Trades Local Union 1791, AFL-CIO" dated February 1, 2003 to January

31, 2008 (hereinafter referred to as "the Agreement") and related trust

agreements entered into by BJ's Brothers and the Painting Industry of Hawaii

Trust Funds.  The Trust Funds claimed that Defendant failed to submit payments

due on monthly contribution reports for the periods of August 2004, October

2004, December 2004 and January 2005 despite numerous demands by Trust

Funds.

         The action arises under the Labor-Management Relations Act, 1947,

as amended, the Employee Retirement Income Security Act of 1974, and the

Multiemployer Pension Plan Amendments Act of 1980.  Jurisdiction is founded

on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145

and 1132(a) and (f).

         Service of process was made on BJ's Brothers on March 30, 2005,

as evidenced by the Return of Service filed herein on April 5, 2005.  On April 28,

2005, default was entered against BJ's Brothers due to said Defendant's failure to

answer or otherwise defend on the Complaint.

On November 3, 2005, the Trust Funds filed a Motion for Entry of Default Judgment Against Defendant BJ's Brothers Painting, Inc., seeking an award of the sum $25,273.96, which included the principal sum of $23,519.19, liquidated damages of $1,384.11, and pre-judgment interest of $370.66.  The Trust Funds also requested legal fees of $4,494.00, costs in the amount of $473.85, and general excise tax in the amount of $192.15.

## FINDINGS OF FACT

Having reviewed the Trust Funds' Motion for Entry of Default Judgment, the attached Declarations of Aileen Murakami and Valerie M. Kato and the exhibits thereto, and the record established in this action, the Court finds as follows:

1.      On February 25, 2003, BJ's Brothers entered into the Agreement with the Trust Funds;

2.      Each of the Trust Funds was and is an express trust created by a written trust agreement subject and pursuant to 29 U.S.C. § 186 and a multiemployer plan within the meaning of 29 U.S.C. §§ 1002 and 1003.  The Trust Funds are third party beneficiaries of the agreements as employee benefit plans for employees employed by BJ's Brothers and covered by the Agreement.

3.      Under the Agreement, BJ's Brothers must contribute to the Trust

Funds on the twenty-fifth day of each month, sums of money to be held in trust by Plaintiffs as employee benefits for BJ's Brothers' employees.  Those contributions are calculated by multiplying the hours worked the previous month by BJ's Brothers' employees by the applicable contribution rates specified in the Agreement.

4.       Under the Agreement, BJ's Brothers promised that if any monthly contributions were past due, BJ's Brothers would pay liquidated damages in the amount of 5% of the delinquent contributions due to each respective fund or $10.00, which ever is greater, for each and every month that such contributions are delinquent.

5.       Also under the Agreement, BJ's Brothers further promised that if the Trust Funds brought legal action to enforce those agreements against BJ's Brothers, BJ's Brothers would pay for all court costs and reasonable attorney's fees of 25% of the total amount of contributions and damages due.

6.       BJ's Brothers breached the Agreement and is liable to the Trust Funds thereunder by its continuous failure to perform the terms of the Agreement, including: (1) failure to pay the amounts found by the Trust Funds for the periods of August 2004, October 2004, December 2004 and January 2005; (2) failure to pay the Trust Funds additional liquidated damages and prejudgment

interest on late paid report contributions; and (3) failure to pay the Trust Funds their reasonable attorney's fees and costs incurred in enforcing the terms of the Agreement.

7.     BJ's Brothers has not sought to set aside default in this action.

8.     The Court finds that the costs in the amount of $479.15 and attorney's fees in the amount of $4,456.00 to be reasonable in this matter.

9.     Thus, as of December 16, 2005 and taking into account payments made by BJ's Brothers since the inception of this case, there is known to be due, owing and unpaid to the Plaintiffs from BJ's Brothers:

1.   Contributions

    (8/2004, 10/2004, 12/2004, and 11/2005)    $15,701.51


2.   Liquidated Damages

    (8/2004, 10/2004, 12/2004, and 11/2005)    $ 1,384.11


3.   Prejudgment Interest

    (8/2004, 10/2004, 12/2004, and 11/2005)    $   298.15


4.   Attorneys' Fees    $ 4,456.00

| | | | |
|---|---|---|---|
| 5. | Costs | $ | 479.15 |
| 6. | G.E. Tax | $ | 207.96 |
| TOTAL | | | $22,526.88 |

## CONCLUSIONS OF LAW

1.      This Court has jurisdiction to enter a default judgment against Defendant BJ's Brothers in this matter.

2.      Plaintiffs Trust Funds are entitled to default judgment against Defendant BJ's Brothers in the amount of $22,526.88.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated:  February 28, 2006

Painting Industry of Hawaii Health and Welfare Fund, et al. v. BJ's Brothers Painting, Inc., et al.; Civ. No. 05-00217 JMS-BMK; FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT BJ'S BROTHERS PAINTING, INC.

7